IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AZIZ ZAMIROV,

      Petitioner,

v.

SAM OLSEN, MARCOS CHARLES,
TODD M. LYONS, MADISON SHEAHAN,
KRISTI NOEM, PAM BONDI, and
DONALD J. TRUMP,

      Respondents.

No. 25-cv-06540
Judge Franklin U. Valderrama
(Emergency Judge)

**EMERGENCY ORDER CONCERNING STAY OF TRANSFER OR REMOVAL**

Petitioner Aziz Zamirov has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that he is being unlawfully confined in violation of the Constitution of the United States.

Generally, a federal district court does not have subject matter jurisdiction to review orders of removal issued by an immigration court. *See* 8 U.S.C. § 1252(a)(1), (g). However, it does have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a).

Here, it appears that the relief sought is not review of an immigration order, injunction, or stay preventing the execution of such an order. Instead, Petitioner alleges that Respondents' immigration counsel orally moved to dismiss the removal proceedings against Petitioner at his initial Immigration Court hearing. Petitioner's immigration counsel (who is his counsel in the instant action, as well), filed a written response opposing the motion, but, despite Petitioner's counsel's written and oral objections, the Immigration Judge immediately granted Respondents' motion.

Thereafter, Petitioner alleges that plainclothes officers with no visible law enforcement identification took immediate custody of Petitioner upon his exit from the courtroom. Although Petitioner's counsel informed the officers that the decision was not final and he was reserving appeal rights on the record, Petitioner was nonetheless detained. Upon information and belief, Respondents are now initiating expedited removal proceedings to circumvent judicial review, unlawfully detain, and remove Petitioner, who is seeking asylum in the United States.

Accordingly, the Court ORDERS as follows:

1. **Service of Order**

The Clerk of this Court shall serve a copy of the petition and this Order (by email) on the civil duty attorney for the United States Attorney's Office and the United States Attorney for the Northern District of Illinois.

2. **Order**

Pursuant to the Court's authority to order Respondents to preserve the status quo to ensure fair and orderly consideration of this matter, and to rule on any contested issues concerning jurisdiction, it is hereby ORDERED that, unless otherwise directed by this Court, Respondents shall not remove Petitioner from the jurisdiction of the United States, nor shall they transfer Petitioner to any judicial district outside the State of Illinois, prior to 5:00 PM Central Standard Time on June 13, 2025. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

If Petitioner has already been removed or transferred outside the jurisdiction of this Court or the State of Illinois, Respondents are ORDERED to immediately notify the Court in writing of the Petitioner's current locations, including the specific judicial district and facility where Petitioner is held. Such notice shall be filed in writing on the docket no later than 12 hours from the time this Order is docketed.

The Court sets this matter for an in-person status hearing on Friday, June 13, 2025 at 2:00 PM CST in Courtroom 1941.

Any of the time periods or deadlines herein may be shortened or extended as justice requires or may otherwise be appropriate by further order of the Court.

SO ORDERED.

DATE: June 12, 2025
TIME: 5:50 PM

_____
United States District Judge
Franklin U. Valderrama