IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AZIZ ZAMIROV,

               Petitioner,

    v.

SAM OLSEN, MARCOS CHARLES,
TODD M. LYONS, MADISON SHEAHAN,
KRISTI NOEM, PAM BONDI, and
DONALD J. TRUMP,

               Respondents.

No. 25-cv-06540
Judge Franklin U. Valderrama
(Emergency Judge)

**MODIFIED EMERGENCY ORDER CONCERNING STAY OF TRANSFER OR REMOVAL**

Petitioner Aziz Zamirov has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that he is being unlawfully confined in violation of the Constitution of the United States.

Generally, a federal district court does not have subject matter jurisdiction to review orders of removal issued by an immigration court. *See* 8 U.S.C. § 1252(a)(1), (g). However, it does have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a).

Here, it appears that the relief sought is not review of an immigration order, injunction, or stay preventing the execution of such an order. Instead, Petitioner alleges that Respondents' immigration counsel orally moved to dismiss the removal proceedings against Petitioner at his initial Immigration Court hearing. Petitioner's immigration counsel (who is his counsel in the instant action, as well), filed a written response opposing the motion, but, despite Petitioner's counsel's written and oral objections, the Immigration Judge immediately granted Respondents' motion.

Thereafter, Petitioner alleges that plainclothes officers with no visible law enforcement identification took immediate custody of Petitioner upon his exit from the courtroom. Although Petitioner's counsel informed the officers that the decision was not final and he was reserving appeal rights on the record, Petitioner was nonetheless detained. Upon information and belief, Respondents are now initiating expedited removal proceedings to circumvent judicial review, unlawfully detain, and remove Petitioner, who is seeking asylum in the United States.

The Court held an emergency hearing on June 13, 2025.

The Court ORDERS as follows:

Pursuant to the Court's authority to order Respondents to preserve the status quo to ensure fair and orderly consideration of this matter, and to rule on any contested issues concerning jurisdiction, it is hereby ORDERED that, unless otherwise directed by this Court, Respondents shall not remove Petitioner from the jurisdiction of the United States, nor shall they transfer Petitioner to any judicial district outside the States of Illinois, Indiana, or Wisconsin[1] prior to 5:00 PM Central Standard Time on June 25, 2025. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

Counsel for Respondents represented on the record during the June 13, 2024 hearing that, if Petitioner is transferred to the States of Indiana or Wisconsin, they: (1) waive any arguments related to improper venue, and (2) will not contest personal jurisdiction, so long as service of the habeas petition is effectuated on Respondents by Petitioner's counsel.

Petitioner's memorandum in support of preliminary injunction (or equivalent relief) is to be filed on or before June 16, 2025. Respondents' response is to be filed on or before June 19, 2025 (understanding that is a federal holiday). The case is set for an in-person hearing on June 25, 2025 at 1:30 PM. The hearing will be held in Courtroom 1941. As the Court informed the parties during the hearing, this Court handled the emergency petition and set this hearing as the emergency judge, so future proceedings will be handled by the assigned judge.

In addition, Respondents are hereby ordered to enable and facilitate an in-person meeting between Petitioner and his attorney(s) by no later than June 18, 2025.

Any of the time periods or deadlines herein may be shortened or extended as justice requires or may otherwise be appropriate by further order of the Court.

SO ORDERED.


DATE: June 13, 2025

_____

United States District Judge
Franklin U. Valderrama

---

[1]Based on Respondents' counsel's representation during the June 13, 2025 hearing that Petitioner cannot legally be housed overnight in the State of Illinois, the Court modifies the Order of June 12, 2025 to allow Petitioner to be housed not only in the State of Illinois, but also the States of Indiana and Wisconsin before June 25, 2025 at 5:00 PM Central Standard Time.