UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Aziz Zamirov, *Plaintiff*, v. Sam Olson, Director, U.S. Citizenship and Immigration Services, *et al.*, *Defendants*. | No. 25 CV 6540<br><br>Judge Lindsay C. Jenkins |

**ORDER**

Aziz Zamirov, a Kyrgyzstani national, has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2241. In his amended petition, Zamirov alleges that upon his arrival to the United States in April 2023, he was promptly paroled in, and the Department of Homeland Security issued him a notice to appear. [Dkt. 14 at 1-2, ¶¶ 19-21.] Zamirov's parole expired on April 26, 2024, days after he applied for asylum and withholding of removal on April 23, 2024. [*Id.*, ¶ 22; Dkt. 16 at 4.]

Zamirov appeared before an Immigration Judge on June 12, 2025 for a hearing, where DHS orally moved to terminate Zamirov's removal proceedings. [*Id.*, ¶¶ 25-27.] The Immigration Judge granted DHS's motion and "immediately signed an order terminating removal proceedings." [*Id.*, ¶ 29.] Once outside the courtroom, Zamirov was taken into custody pursuant to a notice and order of expedited removal dated June 12, 2025. [*Id.*, ¶ 30; Dkt. 19-1.] This lawsuit immediately followed.

Zamirov's amended complaint alleges unlawful detention and unlawful removal under 8 U.S.C. § 1225(b) (Counts One and Two); due process violations (Count Three); and a claim under the Equal Access to Justice Act (Count Four).

Following briefing, *see* dkts. 19, 20 and 21, the case was reassigned to this court. For the reasons explained below, the court agrees with Defendants that it does not have jurisdiction over Zamirov's claims and must dismiss the action pursuant to Fed. R. Civ. P. 12 (h)(3); see *Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020).

*Jurisdiction*

Zamirov is currently being detained in the Southern District of Indiana, so the court asked the parties to address the court's jurisdiction over the case. [Dkt. 25, 26.]

Writs of habeas corpus may be granted by district courts within their respective jurisdictions. 28 U.S.C. § 2241(a). A court "may decline to entertain an

1

application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." *Id.* § 2241(b). "In accord with the statutory language ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held ...." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). But "when the Government moves a habeas petitioner after he properly files a petition naming his immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441; *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022).

Zamirov represents that when he filed this petition on June 12, 2025, he was physically detained at a facility in Broadview, Illinois. He likewise advised the court that he was being detained in Illinois at the in-person emergency hearing held on June 13. [Dkt. 6.] Because Zamirov initially filed his petition in the district in which he was detained, the court agrees that it has jurisdiction despite Zamirov's subsequent transfer to a facility in Indiana. *Gamboa*, 26 F.4th at 414 ("Gamboa's proper filing of his § 2241 petition in the district where he was incarcerated at the time vests us with jurisdiction over Gamboa's appeal.") (citing *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021)).

*Analysis*

Zamirov's Amended Petition alleges that the June 12, 2025 expedited removal order issued for him under the expedited removal statute, 8 U.S.C. § 1225(b), was unlawful. Citing § 1225(b)(1)(iii)(II), he argues that as of his June 12, 2025 hearing, he was ineligible for expedited removal because he has been continuously present in the United States for more than two years. [*Id.*, ¶ 47.] Zamirov argues that he is "still in normal removal proceedings under 8 U.S.C. § 1229a," making the expedited order of removal and his detention unlawful and invalid. [Dkt. 14, ¶¶ 44-41, 49-50, 58.]

Judicial review of Zamirov's expedited removal order issued under § 1225(b)(1) is governed by 8 U.S.C. § 1252. Under § 1252(a)(2)(A):

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision…no court shall have jurisdiction to review—
>
> (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title…

Thus, this court's review of Zamirov's habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of § 1252(a)(2)(A)(i) to the extent he seeks review of the expedited removal order.

As noted, subsection (e) permits review through habeas corpus proceedings, but that is limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under § 1225(b), and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence .... or has been granted asylum under section 1158 of this title…" § 1252(e)(2)(A)–(C). Zamirov's claims do not seriously challenge any of these determinations. He does not challenge the determination of whether he is an alien, or whether he can prove he is an alien who was lawfully admitted for permanent residence or has been granted asylum.

In his reply brief, Zamirov does suggest that (B) supplies the court with jurisdiction because he challenges whether he was ordered removed under the expedited removal statute, *see* dkt. 21 at 4, but this misinterprets the statutory provision. When determining "whether an alien has been ordered removed" under (B), § 1252(e)(5) provides the scope of the allowable inquiry: it "shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).

Here, there is no question that an expedited order of removal was issued on June 12, 2025. [Dkt. 19-1.] What Zamirov's Amended Petition really asks the court to review is whether the expedited removal was *lawfully applied* to him. [Dkt. 14, ¶ 8.] This inquiry, however, falls outside § 1252(e)(5)'s narrow focus, which is limited to alienage, order issuance, and qualifying-status. *Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007) (habeas review of expedited removal orders under § 1252(e)(5) is limited to three inquiries: whether the petitioner is an alien; whether a removal order is issued; and whether the petitioner qualifies as a lawful permanent resident, refugee, or asylee); *Al Khedri v. Sedlock*, 2009 WL 3380681 (N.D. Ill. Oct. 20, 2009) ("Al Khedri has been ordered removed. He challenges not the existence of that order, but its legality. In essence, Al Khedri asks us to review the merits of his removal order, a task over which Congress has expressly foreclosed our jurisdiction.") As such, habeas review is prohibited by § 1252(e)(2), too.

The court also lacks jurisdiction over any discretionary denials of relief, including Defendants' decision to initiate Zamirov's expedited removal in the first place. With some exceptions not relevant here, under § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review" "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." § 1252(a)(2)(B)(ii). The "subchapter" to which this provision applies includes 8 U.S.C. §§ 1151–1381. *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010) (Alito, J., concurring) ("The phrase 'under this subchapter' refers to Subchapter II of Chapter 12 of Title 8, 8 U.S.C. §§ 1151–1381 ...."). That range includes § 1225(b), thus depriving courts of the power to hear challenges to

3

discretionary decisions by the USCIS. *Lukac v. Mayorkas*, 2023 WL 3918967, at *4 (N.D. Ill. June 9, 2023).

In sum, the jurisdiction-stripping provisions of §§ 1252(a) and (e)(2) bar this court's review of Zamirov's habeas petition.

\* \* \*

In the interests of completeness given the parties' briefing, the court addresses the remaining arguments raised.

Zamirov argues that he does not qualify for expedited removal under § 1225(b)(1) because that designation is only available "when the person has not been admitted or paroled into the United States" and he was paroled into this country in 2023. [Dkt. 21 at 2.] As Defendants point out, however, Zamirov's parole expired on April 26, 2024. [Dkt. 20 at 10-12; Dkt. 16 at 4.] Under § 1182(d)(5)(A)[1], this reverted him back to the status of an arriving alien and applicant for admission. *Montes v. DHS*, 2025 WL 1638439, at *2 (W.D. Wis. June 9, 2025) ("Parole grants an alien temporary entry into the United States for a certain purpose and can be terminated at any time," "Aliens paroled into the United States are considered 'arriving aliens' and applicants for admission. 8 U.S.C. § 1225(a)(1)."); *Morales-Ramirez v. Reno*, 209 F.3d 977, 978 (7th Cir. 2000) ("'Parole' into the United States allows an individual physically to enter the country, but it is not equivalent to legal entry into the United States."); *Ibragimov v. Gonzales*, 476 F.3d 125, 137 (2d Cir. 2007) (explaining that once petitioner's adjustment of status application was denied, his status "reverted to that which he held at the time he was paroled into the United States []—namely, that of an 'arriving alien' seeking admission.")

This means that as of at least June 12, 2025, Zamirov was an applicant for admission as an arriving alien for purposes of the statute, permitting him to be designated for expedited removal under § 1225(b)(1)(A)(iii)(II). As such, Defendants could initiate expedited removal proceedings once his removal proceeding under § 1229a was dismissed. [Dkt. 20 at 2.]

To the extent Zamirov maintains that he still remains in "normal removal proceedings" and therefore cannot be detained or removed, this argument runs

---

[1] Section 1182(d)(5)(A) states that the Secretary of Homeland Security may, "in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, *but such parole of such alien shall not be regarded as an admission of the alien* and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served *the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.*" § 1182(d)(5)(A) (emphasis added).

4

headlong into § 1252(g). [Dkt. 21 at 3 (arguing that Defendants' decision to litigate Zamirov's removal proceedings "from April 2023 through June 2025," only to "switch horses midway" and "capriciously abandon them for tactical convenience is prohibited.")] Section § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General [or DHS] to commence proceedings, adjudicate cases, or execute removal orders against any alien." *E.F.L. v. Prim*, 986 F.3d 959, 964–65 (7th Cir. Jan. 26, 2021). "Only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review," but § 1252(g)'s "narrow sweep is firm; we cannot entertain challenges to the enumerated executive branch decisions or actions." *E.F.L.*, 986 F.3d at 964. Here, Defendants' decision to cease his "normal removal proceedings" and "commence" expedited removal proceedings against him means that federal courts do not have jurisdiction to hear his claims. *Id.*

Zamirov's challenge to his detention fails, too. Because he is presently in expedited removal proceedings, his detention is permitted under the expedited removal statute. See § 1225(b)(1)(B)(iii)(IV) ("Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.") There is no basis for this court to conclude that his detention pursuant to that statute is illegal (it is expressly permitted), so his unlawful detention claim also fails.

Finally, as to Zamirov's due process challenge, there is no doubt that he is entitled to due process. Here, he has been afforded proceedings before an Immigration Judge and the processes described in the expedited removal statute include the opportunity to express a fear of persecution or torture and to apply for asylum, withholding of removal, and protection under the convention against torture in connection with a credible fear interview. 8 U.S.C.§ 1225(b)(1)(B)(i); 8 C.F.R. § 235.3(b)(4). Nor does his detention as of June 12 appear to violate due process considering there is no allegation that he is being detained for any other purpose than resolution of his expedited removal. *Chaviano v. Bondi*, 2025 WL 1744349, at *8 (S.D. Fl. June 23, 2025) (noting that prior hearings before the immigration court and opportunities for credible fear interviews, together with a one month detention under § 1225(b)(1)(B)(iii)(IV) was not a sufficient basis for finding a due process violation, particularly where "detention, even for far longer periods, pending immigration proceedings" did not violate due process).

To the extent Zamirov seeks an order declaring that he is "conclusively in normal removal proceedings," *see* dkt. 14 at 12, the court agrees with Defendants that this relief is foreclosed by *DHS v. Thuraissigiam*, 591 U.S. 103, 111-112 (2020) and *E.F.L.* 986 F.3d at 965 ("E.F.L.'s habeas petition does not "contest[ ] the lawfulness of restraint" or seek to "secure release" from custody; it instead vies for her right to "remain in [the United States] or to obtain administrative review potentially leading to that result.") (cleaned up)).

Zamirov's challenges to the expedited removal order and to any discretionary denials of relief fall beyond the scope of the court's permissible habeas review under §§ 1252(a) and (e)(2). Consequently, the court dismisses the Amended Petition for lack of subject matter jurisdiction.

Enter: 25-cv-6540
Date: August 29, 2025

_____
Lindsay C. Jenkins